IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

PENNY GUETTI,

MICHAEL GUETTI,

    Plaintiffs

v.

GUY R. CARIDDI,

CARIDDI AUTO AGENCY,

KAREN SUMMER,

JOHN DOE A/K/A "BUTCH",

    Defendants

04-30027-MAP

FILING FEE PAID:
RECEIPT # 305506
AMOUNT $ 150.00
BY DPTY CLK MGL
DATE 2/9/04

Demand for Jury Trial

Complaint

## Jurisdiction

1. Plaintiffs' prayed-for damages, including but not limited to actual damages, incidental damages, and punitive damages under M.G.L. ch. 231 s. 85J, are in excess of $75,000.

2. The Guettis reside in Vermont and all Defendants reside in Massachusetts.

3. Jurisdiction of this Court attains pursuant to the law of diversity, 28 U.S.C. s. 1332, and the law of supplemental jurisdiction.

## Parties

4. Penny and Michael Guetti are natural persons who reside in West Townsend, Vermont.

page 1

Guy R. Cariddi

5. Defendant Guy R. Cariddi is an individual located in North Adams, Massachusetts.

6. Defendant Cariddi is in the business of selling vehicles to the public.

7. Defendant Cariddi is engaged in "trade" and "commerce" as defined by Massachusetts Consumer Protection Act ("Chapter 93A"), M.G.L. s. 93A:1(b).

Cariddi Auto Agency

8. Defendant Cariddi Auto Agency ("CAA") is an unincorporated entity located in North Adams, Massachusetts.

9. Defendant CAA is not registered with the Massachusetts Secretary of State.

10. Defendant CAA is the alter ego of Defendant Cariddi.

11. Defendant CAA has no independent existence or will of its own beyond Defendant Cariddi's.

12. Defendant CAA is in the business of selling vehicles to the public.

13. Defendant CAA is engaged in "trade" and "commerce" as defined by Chapter 93A:1(b).

14. At all times during their activities concerning the Guettis, Defendants Cariddi and CAA's agents and employees were acting under the supervision and direction of Defendants Cariddi and CAA.

15. Defendants Cariddi and CAA are liable under the doctrine of *respondeat superior* for the activities of their employees and agents.

16. Defendants Cariddi and CAA knew of, participated in, and ratified the illegal actions and omissions of Defendant Summer as specified below.

Karen Summer

17. Defendant Karen Summer is an employee of Defendants Cariddi and CAA.

11. Defendant Summer is in the business of selling vehicles to the public.

18. Defendant Summer is engaged in "trade" and "commerce" as defined by Chapter 93A:1(b).

19. Defendant Summer knew of, participated in, and ratified the illegal actions and omissions of Defendants Cariddi and CAA as specified below.

John Doe a/k/a "Butch"

20. Defendant John Doe, also known as "Butch", is an employee of Defendants CAA and Cariddi.

21. Defendant "Butch" is engaged in "trade" and "commerce" as defined by Chapter 93A:1(b).

22. Defendant "Butch" knew of, participated in, and ratified the illegal actions and omissions of Defendants CAA, Cariddi, and Summer as specified below.

## Facts and Allegations

23. On or about October 23, 2003, Mr. Guetti purchased a used 1991 Ford Bronco from Defendants.

24. Michael Guetti was to purchase, title, and register the Bronco in his name and signed nearly all the paperwork necessary for the sale.

25. Nevertheless, Penny Guetti's signature was forged on all documents.

26. As an example, a true and accurate copy of the Motor Vehicle Sales Contract is attached.

27. A true and accurate copy of Penny Guetti's signature, affixed to a Wal-Mart employment form, is attached.

28. Michael Guetti's signature was forged on the Authority to Debit and Federal Privacy Act notice.

29. True and accurate copies of these documents are attached.

30. From information and belief, Defendant Summer forged the signatures and initials.

31. A true and accurate copy of an envelope from Defendant CAA is attached.

32. The envelope was addressed by hand by Defendant Summer.

33. Because of these forgeries, the Bronco was registered in Penny Guetti's name, funds were taken from the Guettis' bank account without authorization, and the Guettis' Geo Prizm is wrongly in the possession of Defendants.

34. Defendants Cariddi, Doe, and Summer knew of, ratified, and participated in the illegal activities of Defendants, making each directly liable for any and all actions of any Defendant.

35. In addition, all Defendants knew or should have known of the illegal activities taking place, making Defendants liable for common law negligence.

36. As a consequence of Defendants' illegal activities and communications, the Guettis have suffered economic loss, loss of self esteem and peace of mind, and have suffered emotional distress -- <u>especially Mrs. Guetti as documented by her doctor</u> -- humiliation and embarrassment.

## Count I
## Chapter 93A

37. The previous paragraphs are incorporated into this Count as if set forth in full.

38. The acts and omissions of Defendants constitute violations of Chapter 93A:2.

39. Pursuant to Chapter 93A:9, demand was made upon Defendants at least thirty days prior to litigation.

40. A true and accurate copy of the demand letter is attached.

41. Defendants made no response to the demand letter.

42. Pursuant to Chapter 93A:9, Plaintiffs are entitled to actual damages, to declaratory relief, to an injunction prohibiting Defendants from the acts and practices that violate state law, and treble damages, as well as reasonable attorney's

fees and costs.

## Count II
### Fraud

43. The previous paragraphs are incorporated into this Count as if set forth in full.

44. Defendants' actions and omissions, as stated above, upon which the Guettis relied to their detriment, constitute common law fraud.

45. Plaintiffs are entitled to actual damages in an amount to be awarded within the reasonable discretion of a jury.

## Count III
### Punitive Damages

46. The previous paragraphs are incorporated into this Count as if set forth in full.

47. Defendants are liable for punitive damages pursuant to M.G.L. ch. 231 s. 85J ("Whoever, by deceit or fraud, sells personal property shall be liable in tort to a purchaser in treble the amount of damages sustained by him.")

48. Plaintiffs are entitled to punitive damages in an amount to be awarded within the reasonable discretion of a jury.

## Count IV
### Negligence

49. The previous paragraphs are incorporated into this Count as if set forth in full.

50. The acts and omissions of Defendants constitute negligence that directly and proximately caused harm to the Guettis.

50. Plaintiffs are entitled to actual damages to be awarded within the sound discretion of a jury.

### Prayer

**WHEREFORE**, Plaintiffs pray that the Court grants the following:
1. Actual damages of $25,000 for each Plaintiff, totalling $50,000.
2. Punitive damages under state law totalling $150,000.
3. Statutory damages.
4. A declaration under state law concerning the illegality of Defendants' acts and practices.
5. An injunction prohibiting Defendants from violating state law.
6. Reasonable attorney's fees, expenses, and costs.
7. Such other and further relief as the Court deems just and proper.

### Jury Demand

Plaintiffs demand a jury trial on all issues raised in or related to the complaint.

Respectfully submitted,

Jason David Fregeau,
Trial Attorney (565657)

47 Lincoln Road
Longmeadow, MA 01106
413/567-2461
413/567-2932 fax

Attorney for Plaintiffs

# MOTOR VEHICLE PURCHASE CONTRACT

CARDOT AUTO AGENCY
CURRAN HIGHWAY
NO. ADAMS, MA 01247
(413) 663-8531

| DATE Oct 21, 03 | ORDER NO. 218145 | STOCK NO. CAA56 | SALESPERSON |
|---|---|---|---|

PURCHASER'S NAME(S) ("I" or "Me"): MICHAEL AND PENNY GUETTA
STREET ADDRESS: 30 ISLAND RD, BOX 18
CITY/STATE/ZIP: WEST TOWNSHEND, VT 05359
HOME PHONE: 874-8017

ENTER MY ORDER FOR (QUANTITY) 1  NEW ☐  USED ☒  FORMER USE (IF APPLICABLE): DEMONSTRATOR ☐  POLICE CAR ☐  FORMER LEASED CAR ☐  FORMER DAILY RENTAL ☐  TAXICAB ☐

| Year | Make | Model Name | Body Style/Type | Model No. | Transmission Standard ☐ Automatic ☒ | (Speeds) | Cyl. | Pass. |
|---|---|---|---|---|---|---|---|---|
| 1991 | FORD | Bronco | | | | | | |

Vehicle Identification No.: 1FMEU15NYMLA8547
Color 1st: Blue  2nd/3rd:
Interior 1st: Gray  2nd/3rd:
Odometer: 67537

### TRADE IN
Year: 1991  Make: GEO
Model: 12M  Type: SEDAN  Color: BLACK
V.I.N.: Y1SKS265VZ454491
Odometer: 186998
Transmission: ☐ Standard  ☒ Auto
No. of Cyl.: 04  Pass.: 04  Doors: 4
Salvage Title: Yes ☐  No ☒

### WARRANTY INFORMATION
This vehicle carries an express warranty. Purchaser may obtain a copy of such warranty from the dealer upon request at time of order and will receive the warranty at time of delivery.

### REGISTRATION FEE/TITLE FEE SALES TAX
Application for Title ☐
Application for Reg. ☐ New  ☐ Transfer
Registration No.
| Registration Fee | $ |
| Title Fee | $ |
| Mass. Sales Tax | $ |

Sales Tax amount is included in right hand column only when dealership check is issued in payment of Mass. Sales Tax.

Social Security No.: 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
Date of Birth:
Employer:
E-mail Address:
Price of Unit: $

Additional Equipment/Items:
Wynn's Warranty  1230.00

LIENHOLDER: CREDIT ACCEPTANCE CORP
Address: P.O. Box 513
City/State/Zip: Southfield, MI 48034
INSURANCE CO.:
Agent/Branch:
Address/City:

In the event I fail to take delivery of the vehicle purchased by me within forty-eight (48) hours after I have been notified by you that it is ready for delivery and pay the total contract price in the manner indicated, my deposit in the amount of $_____ may, at your option, be retained by you to compensate you in whole or in part for any loss sustained by you. Your right to retain my deposit shall be in addition to and not instead of any other right or remedy provided by applicable law including, without limiting the generality of the foregoing, the sale of the car or truck I agree to purchase. If the amount of my deposit exceeds actual damages sustained by you, you will promptly refund the difference to me.

Purchaser's Initials [    ]

ALL REBATES AND SALES INCENTIVES OFFERED BY THE MANUFACTURER OR DISTRIBUTOR ARE HEREBY ASSIGNED TO THE DEALER.
Purchaser's Initials [    ]

This contract is not binding upon either dealer or purchaser until the following conditions are met:
(1) The contract is signed by dealer or his/her authorized representative;
(2) Other: _____
(3) Other: _____

PURCHASER MAY CANCEL THIS CONTRACT AND RECEIVE A FULL REFUND AT ANY TIME UNTIL S/HE RECEIVES A COPY OF THIS CONTRACT SIGNED BY AN AUTHORIZED DEALER REPRESENTATIVE. PURCHASER MUST GIVE WRITTEN NOTICE OF CANCELLATION TO THE DEALER.

The front and back of this order comprise the entire agreement between the dealer and purchaser, and no other agreement or understanding has been made or entered into.

Purchaser's Signature: Michael Guetta
Co-Purchaser's Signature: Penny M. Guetta
Authorized Dealer Representative: Karen Sumner

Dealer Installed Accessories

| 1. Total Price | $ 5285.00 |
|---|---|
| 2. Discount | $ |
| 3. Trade-In Allowance | $ |
| 4. Rebate(s) | $ |
| | $ |
| 5. Trade Difference (line 1 minus lines 2,3,& 4) | $ |
| 6. *Mass. Sales Tax (6 % of line 5) | 299.25 |
| 7. Title Preparation | |
| 8. Documentary Preparation | $ |
| 9. Other | $ |
| 10. TOTAL CONTRACT PRICE (Total of lines 5,6,7,8, & 9) | $ |
| 11. Balance Due on Trade-In | $ |
| 12. Subtotal (Total of lines 10 &11) | $ |
| 13. Deposit | -500 |
| 14. Amount to be Financed | |
| 15. Cash Due on Delivery | |
| 16. TOTAL PAYMENT (Total of lines 13,14 &15) (line 16 must equal line 12) | $ 6061.25 |

Form 102-77, REV. 10/01. MSADA Services Corp., 59 Temple Place, Boston, MA 02111

PURCHASER'S COPY

# WAL★MART People Pass

LabOne eScreen

2840649

**A. Employer Name, Address and I.D. No.**   ACCOUNT #: 1907
WAL-MART STORE # 1907
#1 GEORGE'S FIELD
HINSDALE    NH    03451

DIVISION CODE    01

STUART HOFFMAN ...
NAT'L MED REVIEW OFFICER INC
5900 WILSHIRE ...
LOS ANGELES    90048

**IMPORTANT!**

## ① WAL★MART Use (Please Print)

| Field | Value |
|---|---|
| Date/Time Sent | 11 / 18 / 2003   05:15  PM |
| Donor Last Name | GUETTI |
| Donor First Name | PENNY    M.I. M |
| Social Security # | 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 |
| Work Phone | |
| Home Phone | 802-874-8017 |

## ② Reason for Test (Please Select One)
- ✓ Pre-Employment
- ○ Promotion
- ○ Periodic
- ○ Post-Accident (Manager must escort associates for post-accident tests)
- ○ Reasonable Suspicion
- ○ Transfer

**Type of Test** (Please select one)
○ eCup / eScreen    ○ 5 Panel    ○ Blood Alcohol    ○ _____

### ★ Important Information
- You MUST present Photo ID at the clinic (Driver's License, Military ID, etc.)
- Pre-Employment applicants must report to collection site and provide a valid urine specimen within 24 hours of job offer. No Exceptions
- Once collection process has started you MUST remain at the collection site and provide a valid urine specimen.
- Failure to comply with testing requirements will result in the withdrawal of the job offer. Applicant will not be eligible for hire for 1 year.

**DONOR CONSENT FOR ALCOHOL AND DRUG SCREENING**
I hereby acknowledge that I have been requested by Wal-Mart Stores, Inc. to submit a valid urine and/or blood specimen to be analytically tested to determine the presence or use of drugs or alcohol. I agree and consent to the testing and to the release of the results to authorized management. I understand that management may rely upon the test results in making decisions to my employment, as outlined in the Alcohol and Drug Abuse Policy.

I also understand that applicants who are denied employment because of a positive, adulterated or substituted test result may re-apply for employment after one (1) year from the test date.

DONOR  *Penny M Guetti*  SIGNATURE    11 / 19 / 2003

### COLLECTOR'S STATEMENT
I certify that the specimen identified on this form was given to me by the donor named at the top of this form and that it was collected, sealed and prepared for transport to laboratory. IMPORTANT: Specimen seal(s) must be placed on bottle lid(s) and/or blood tube lid(s).

Collection Site: BMH

**Temperature Range:** (90° - 100°)   ✓ Yes
If No, Discard specimen, recollect immediately.
○ Refusal to test, (Forward COC to Lab)
Remarks

Collector's Phone Number: 802-257-8635    Collector's ZIP Code: 05301

11 / 19 / 2003    02:45 PM

COLLECTOR'S SIGNATURE    (PRINT First, M.I., Last Below)
Joan Cutting

### DONOR'S STATEMENT
I certify that I provided the specimen to the collector listed above, that the specimen in the bottle is mine, and that the specimen ID number on the bottle and this form match.

DONOR'S SIGNATURE  *Penny Guetti*    11 / 19 / 2003

Copy 1 - Must Accompany Specimen to Laboratory    Copy 2 - Give to Donor DO NOT SEND to Laboratory    Copy 3 - Collector Retains DO NOT SEND to Laboratory    Form #70  2/02  V.0



Silver Triangle Building
25505 West Twelve Mile Road
Southfield, Michigan 48034-8339
248-353-2700  creditacceptance.com

Michael A. Guetti        2181458

Please accept this letter, or a copy thereof, as authority to release any information concerning myself to the corporation whose name appears heron. I understand that the FEDERAL PRIVACY ACT, or other laws, rules or regulation prohibit disclosing of certain information without my expressed written approval and authority. I request your cooperation in releasing such information to the named corporation.

_____Michael Guetti_____
Signature

_____Karen Sumner_____
Witness

____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____
Social Security Number

____May 10, 1975____
Date of Birth

©1996, Credit Acceptance Corporation. All rights reserved.

Version: custrel.wpd 7/17/96

# TRUEPAY

**Authorization to Debit Account**

I (we) hereby authorize Fort Knox National Bank ("Fort Knox") to initiate electronic debit entries to (or to otherwise cause funds to be withdrawn from my (our) accounts at depositories. The debits are initially to be made from the depository and the account listed below and may also be made from other depositories and/or accounts of which I give Fort Knox notice by telephone or fax or in writing. The debits are to be made in the amounts and at the frequency and on the dates set forth below or may be made for other amounts, frequencies or dates which I give Fort Knox notice by telephone, fax or in writing. I (we) direct Fort Knox to (i) place the amount debited in a non-interest bearing custodial account, (ii) deduct from the custodial account as my (our) payment to Fort Knox the fee set forth below for the services performed for me (us) pursuant to this authorization, (iii) pay the remaining balance in the custodial account to the Company designated below no less frequently than monthly. This authorization shall remain in full force and effect until Fort Knox has received notification from me (or either of us) by telephone, fax, or in writing, of it's termination in such time and in such manner as to afford Fort Knox and my (our) depositories a reasonable opportunity to act on it.

## (A) CUSTOMER DATA
MICHEAL
GUETTI
SSN: 008684752
31 ISLAND RD
WEST TOWNSEND
VT
05359
802-874-8017

## (B) BANK INFORMATION
Berkshire Federal Credit Union
Bank Account: 0000009711
Bank Routing #: 211885205
Account Type: Savings

Customer Service:
1-866-TruePay (1-866-878-3729)

Hours of Operation:
Mon-Fri 8 a.m.-5 p.m. EST

## (C) CREDITOR INFORMATION
Company to be Paid: Credit Acceptance Corp.
Company Code: 1531
Dealer Lot Code 153

## (D) DEBIT INFORMATION
Monthly Payment Amount: $311.49
Monthly Service Charge: $2.00
Total Monthly Debit: $313.49
Please apply my payments to account # 2181458

| Please debit my bank account in the following manner to complete one total monthly payment: |
|---|
| $313.49 once a month on the 23 |

Date of First Debit: 11/23/2003
Date of Last Debit: 10/23/2005

(Without any further authorization from me, Fort Knox may, but is not required to, extend the last debit date if the Company notifies Fort Knox that any portion of my (our) obligation with the Company remains outstanding after the scheduled or extended last debit date.)

*Michael A. Guetti* (signature)
MICHEAL GUETTI

Date: 10/23/2003 10:45:52 AM

Transaction Number: 10232003104552

**CARIDDI AUTO AGENCY**
676 Curran Hwy
North Adams, MA 01247

Michael + Penny Quetti
31 Island Road
P.O. Box 1039
West Townshend, VT. 05359





**Jason David Fregeau**
**Attorney at Law**
47 Lincoln Road
Longmeadow, MA 01106
Tel. 413-567-2461
Fax 413-567-2932
*Also admitted in Ohio*

January 7, 2004

By Certified & Regular U.S. Mail

Guy R. Cariddi
Karen Summer
John Doe a/k/a "Butch"
Cariddi Auto Agency
676 Curran Highway
North Adams, MA  01247

Re: Guetti v. Cariddi Auto Agency, et al.

Dear Mr. Carridi, Mr. Doe, and Ms. Summer:

I represent Penny & Michael Guetti regarding a 1991 Ford Bronco Mr. Guetti purchased from Defendants Cariddi Auto Agency ("CAA"), Guy R. Carridi, John Doe a/k/a "Butch", and Karen Summer on or about October 23, 2003. Defendants' acts and omissions contain violations of the Massachusetts Consumer Protection Act, M.G.L. ch. 93A ("Chapter 93A"), various Massachusetts regulations, and the common law of Fraud, Negligence, Warranty of Title, and Trespass to Chattels.

Mr. Guetti was to purchase the Bronco and signed nearly all the paperwork necessary for the sale. Nevertheless, Mrs. Guetti's signature was forged on all documents and Mr. Guetti's signature was forged on the Authority to Debit and Federal Privacy Act notice. Based upon review of the forgeries and the writing of Defendant Summers on the envelope of a December 3 letter, we believe that Defendant Summers forged the signatures and initials. Because of these forgeries, the Bronco was registered in Penny Guetti's name, funds were taken from the Guettis' bank account without authorization, and the Guettis' Geo Prizm is wrongly possessed. In addition to economic harm,

Guy R. Cariddi
Karen Summer
John Doe a/k/a "Butch"
Cariddi Auto Agency
January 7, 2004
page 2

these incidents have proximately caused the Guettis, especially Mrs. Guetti, great emotional harm.

Defendants Guy Cariddi, Doe, and Summer knew of, ratified, and participated in the illegal activities of Defendant CAA, making them directly liable for any and all actions of Defendant CAA. In addition, all Defendants knew or should have known of the illegal activities taking place, making Defendants liable for common law negligence.

This letter is sent pursuant to Chapter 93A:9 to each person named above in an attempt to settle this matter prior to litigation. The Guettis demand from Defendants elimination of the debt owed to Credit Acceptance Corporation as well as $50,000 to cover actual, statutory, and equitable relief as well as attorney fees, expenses, and costs to date. Defendants have thirty days to respond, until February 6, 2004. If we do not hear from Defendants by that date, then we will file suit in superior court in Pittsfield, Massachusetts, seeking damages and injunctive relief.

                                        Sincerely,

                                        Jason David Fregeau, Esq.

cc: Penny & Michael Guetti