UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | | |
|---|---|---|
| PENNY GUETTI and MICHAEL GUETTI, <br> Plaintiffs <br><br> v. <br><br> GUY R. CARIDDI, CARIDDI AUTO AGENCY, KAREN SUMMER and JOHN DOE a/k/a "Butch", <br> Defendants | ) ) ) ) ) ) ) ) ) ) ) | Docket No. 04-30027-MAP |

## ANSWER OF DEFENDANTS GUY CARIDDI AND KAREN SUMMER

NOW COME defendants Guy Cariddi (hereinafter "Cariddi") and Karen Summer (hereinafter "Summer") who hereby answer the complaint of Penny Guetti and Michael Guetti (hereinafter collectively "the Guettis") as follows:

1. Denied, insofar as actual, incidental and exemplary damages are alleged to have been suffered by the Guettis.

2. Admitted, insofar as the Guettis are alleged to reside in the State of Vermont and as Cariddi and Summer are alleged to reside in the Commonwealth of Massachusetts.

3. Denied.

4. Admitted.

5. Admitted.

6. Admitted.

7. Paragraph 7 draws legal conclusions to which no responsive pleading can be made.

8. Denied, pursuant to Fed. R. Civ. P. 9(a), insofar as Cariddi Auto Agency has no legal existence and lacks the capacity to be sued.

9. Denied, pursuant to Fed. R. Civ. P. 9(a), insofar as Cariddi Auto Agency has no legal existence and lacks the capacity to be sued.

10. Denied, pursuant to Fed. R. Civ. P. 9(a), insofar as Cariddi Auto Agency has no legal existence and lacks the capacity to be sued.

11. Denied, pursuant to Fed. R. Civ. P. 9(a), insofar as Cariddi Auto Agency has no legal existence and lacks the capacity to be sued.

12. Denied, pursuant to Fed. R. Civ. P. 9(a), insofar as Cariddi Auto Agency has no legal existence and lacks the capacity to be sued.

13. Denied, pursuant to Fed. R. Civ. P. 9(a), insofar as Cariddi Auto Agency has no legal existence and lacks the capacity to be sued.

14. Admitted, insofar as the allegations lie against Cariddi; denied, pursuant to Fed. R. Civ. P. 9(a), insofar as Cariddi Auto Agency has no legal existence and lacks the capacity to be sued.

15. Paragraph 7 draws legal conclusions to which no responsive pleading can be made by Cariddi; denied, pursuant to Fed. R. Civ. P. 9(a), insofar as Cariddi Auto Agency has no legal existence and lacks the capacity to be sued.

16. Denied.

17. Admitted.

11. (misnumbered) Denied.

18. Denied.

19. Denied.

20. Cariddi and Summer are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 20, and leave the Guettis to the proof thereof.

21. Cariddi and Summer are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 21, and leave the Guettis to the proof thereof.

22. Cariddi and Summer are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 22, and leave the Guettis to the proof thereof.

23. Admitted, insofar as the Guettis are alleged to have jointly purchased the motor vehicle from Cariddi.

24. Cariddi and Summer are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 24, and leave the Guettis to the proof thereof.

25. Denied.

26. Admitted, only insofar as the exhibit speaks for itself.

27. Cariddi and Summer are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 27, and leave the Guettis to the proof thereof.

28. Denied.

29. Admitted, only insofar as the exhibits referred to in Paragraphs 26 and 28 speak for themselves; Cariddi and Summer are without knowledge or information sufficient to form a belief as to the authenticity of the document referred to in Paragraph 27, and leave the Guettis to the proof thereof.

30. Denied.

31. Admitted, only insofar as the exhibit speaks for itself.

32. Admitted, only insofar as the exhibit speaks for itself.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## COUNT I

37. Cariddi and Summer incorporate and reallege their answer as to Paragraphs 1 through 36 as if set forth fully herein.

38. Denied.

39. Denied.

40. Admitted, only insofar as the exhibit speaks for itself.

41. Denied.

42. Denied.

## COUNT II

43. Cariddi and Summer incorporate and reallege their answer as to Paragraphs 1 through 42 as if set forth fully herein.

44. Denied.

45. Denied.

## COUNT III

46. Cariddi and Summer incorporate and reallege their answer as to Paragraphs 1 through 45 as if set forth fully herein.

47. Denied.

48. Denied.

## COUNT IV

49    Cariddi and Summer incorporate and reallege their answer as to Paragraphs 1 through 48 as if set forth fully herein.

50.    Denied.

50.    (misnumbered) Denied.

WHEREFORE, Cariddi and Summer request that the Guettis' complaint be denied and dismissed.

## AFFIRMATIVE DEFENSES

FIRST:    This Court lacks jurisdiction over the subject matter of the Guettis' claim.

SECOND:    The Guettis have failed to state a claim upon which relief can be granted as against Cariddi Auto Agency, insofar as Cariddi Auto Agency has no legal existence and lacks the capacity to be sued.

THIRD:    The Guettis are barred from equitable relief by unclean hands.

FOURTH:    The Guettis have failed to state a claim against Cariddi and Summer upon which relief can be granted pursuant to c.93A, Mass. G.L.

FIFTH:    The Guettis are estopped from any claim of fraud, negligence or consumer protection violations by their ratification of any such contractual endorsements.

SIXTH:    The Guettis are estopped from any claim of fraud, negligence or consumer protection violations by their acceptance of the benefits of the contract for the purchase and sale of the motor vehicle.

SEVENTH:    The Guettis have waived any claims of fraud, negligence or consumer protection violations by their ratification of any such contractual endorsements.

EIGHTH: The Guettis have waived any claim of fraud, negligence or consumer protection violations by their acceptance of the benefits of the contract for the purchase and sale of the motor vehicle.

NINTH: The Guettis procured any contractual performance by Cariddi as a result of a fraud perpetrated by the Guettis, and are thus barred from recovery.

TENTH: The Guettis' claims are barred by accord and satisfaction.

ELEVENTH: The Guettis were contributorily negligent.

TWELFTH: The Guettis' claims are barred by the illegality of the Guettis' acts or omissions to act.

THIRTEENTH: Cariddi and Summer acted with license from the Guettis.

WHEREFORE, Cariddi and Summer request that the Guettis take nothing by their complaint. Cariddi and Summer also request an award of their costs incurred in defending this action, including a reasonable attorney fee, pursuant to Fed. R. Civ. P. 11 and Mass. G. L. c.231, § 6F.

Dated: February 20, 2004

THE DEFENDANTS

GUY CARIDDI and KAREN SUMMER

By their attorneys,

_[signature]_
Douglas J. Rose
BBO No. 629080
For Donovan & O'Connor, LLP
1330 Mass MoCA Way
North Adams, MA 01247
Tel: (413) 663-3200
Fax: (413) 663-7970

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PENNY GUETTI and MICHAEL GUETTI,<br>    Plaintiffs<br><br>v.<br><br>GUY R. CARIDDI, CARIDDI AUTO AGENCY, KAREN SUMMER and JOHN DOE a/k/a "Butch",<br>    Defendants | Docket No. 04-30027-MAP |

## CERTIFICATE OF SERVICE

I, Douglas J. Rose, Esq., do hereby certify that I caused a true copy of the within Answer to be delivered by first class U. S. mail, postage prepaid, this 20 day of February, 2004 to Jason David Fregeau, Esq., 47 Lincoln Road, Longmeadow, MA 01106.

_____
Douglas J. Rose

DJR:SLD