UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

PENNY GUETTI and MICHAEL )
GUETTI, )
    Plaintiffs )
)
v. )
) Docket No. 04-30027-MAP
GUY R. CARIDDI, CARIDDI AUTO )
AGENCY, KAREN SUMMER and JOHN
DOE a/k/a "Butch,"
    Defendants


MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS GUY CARIDDI AND KAREN SUMMER'S
MOTION TO DISMISS COMPLAINT

I.    INTRODUCTION

Defendants Guy Cariddi (hereinafter "Cariddi") and Karen Summer (hereinafter "Summer") have moved this Court, pursuant to Fed. R. Civ. P. 12(b)(1), to dismiss the complaint of plaintiffs Penny Guetti and Michael Guetti (hereinafter "the Guettis") on the grounds that this Court lacks jurisdiction over the subject matter of this action under 28 U.S.C. §1332(a), insofar as the amount in controversy does not exceed the sum or value of $75,000.

II.    STATEMENT OF FACTS

The Guettis have alleged in the complaint at bar, and Cariddi and Summer have admitted, that the Guettis are domiciled in the State of Vermont and that both Cariddi and Summer are residents of this Commonwealth. The Guettis further allege, and Cariddi and Summer admit that on or about October 23, 2003 the Guettis purchased a used 1991 Ford Bronco automobile from Cariddi. The motor vehicle purchase contract (which the Guettis have appended as an exhibit to

their complaint, and the authenticity of which exhibit Cariddi and Summer have admitted) shows the contractual purchase price of the Bronco to be $5,495, plus registration transfer fees of $37, plus a warranty valued at $1,230, net of a trade-in allowance of $500 and a down payment of another $500, plus sales tax in the amount of $299.75, for a grand total of $6,061.75.

The gravamen of the Guettis' complaint stems from the bare allegation that, notwithstanding the fact that the Guettis voluntarily traded in their 1997 Geo Prizm automobile to Cariddi and actually took delivery of the Bronco from Cariddi (and are still today in possession of the vehicle), some of the documents germane to the motor vehicle sales transaction do not appear to bear the Guettis' authentic signatures. The Guettis have pleaded three substantive counts in their complaint, alleging unfair and deceptive trade practices and acts, common law fraud, and negligence on the part of Cariddi and Summer.

Cariddi and Summer submit that no set of facts or circumstances concerning this automobile sales transaction, even if taken in the light most favorable to the Guettis, would yield a minimum award of damages in the amount of $75,000 per plaintiff sufficient to invoke subject matter jurisdiction of this Court.

III. ARGUMENT

    A.    Standard for the Consideration of a Motion to Dismiss
           for Want of Subject Matter Jurisdiction

Fed. R. Civ. P. 12(b)(1) provides for the dismissal of an action for want of subject matter jurisdiction upon motion of a defendant. In considering a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), this Court assumes that all material allegations set forth in the complaint are true. *Campbell v. U.S.A.*, 167 F.Supp.2d 440, 443 (D. Mass. 2001). The averments of the complaint, as well as their proper inferences, are to be construed in favor of

the plaintiffs and the claim will not be dismissed unless it appears beyond doubt that the plaintiffs can provide no set of facts in support of their claim which would entitle them to relief. *Id.* A dismissal for want of subject matter jurisdiction is justified, however, when a claim is so attenuated and insubstantial as to be absolutely devoid of merit. *Jones-Booker v. U.S.A.*, 16 F.Supp.2d 52, 58 (D. Mass. 1998).

In the case at bar, Cariddi and Summer submit that the Guettis damages claims based upon allegedly forged automobile sales transactional documentation are wholly devoid of merit, insofar as the Guettis have waived or are estopped from any claim of fraud, negligence or consumer protection violations by their ratification of any such contractual endorsements, and by their acceptance of the benefits of the contract for the purchase and sale of the motor vehicle. The Guettis claims are furthermore barred by accord and satisfaction or by operation of the license given to Cariddi and or Summer with respect to the automobile sales transactional documents. Thus, the facts and circumstances of this case, even if taken in a light most favorable to the Guettis, lack the substance and merit to invoke the subject matter jurisdiction of this Court.

    B.    <u>The Guettis Cannot Satisfy the Amount-in-Controversy Threshold for Diversity Jurisdiction</u>

28 U.S.C. 1332(a)(1) provides this Court with original subject matter jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Since the Guettis seek to invoke federal diversity jurisdiction, they bear the burden of showing that their claims meet the amount-in-controversy requirement. *Stewart v. Tupperware Corporation*, 356 F.3d 335, 338 (1st Cir. 2004). The Guettis must also demonstrate that they *each* have a claim that is in excess of $75,000. *Id.* at 337.

This Court has the responsibility to police the borders of federal jurisdiction and to quickly determine, without an extensive fact-finding inquiry, whether the ever-narrowing subject matter jurisdiction of this Court may be invoked. *Spielman v. Genzyme Corp.*, 251 F.3d 1, 4 (1st Cir. 2001). The longstanding test governing dismissal for want of diversity jurisdiction is that the sum claimed by the plaintiffs controls, if such claim is made in good faith, and that it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. *Id.* at 5. The plaintiffs' general allegation of damages suffices unless it is questioned by the opposing party or by this Court. *Id.* Once the damages allegation is challenged, however, the plaintiffs have the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount. *Id.* If from the face of the pleadings it is apparent to a legal certainty that the plaintiffs cannot recover the amount claimed or if, from the proofs submitted by an amended complaint or by affidavit, this Court is satisfied to a like certainty that the plaintiffs never were entitled to recover an amount in excess of $75,000 apiece, this suit should properly be dismissed. *Id.*

The Guettis claim $25,000 apiece in compensatory damages, $75,000 apiece in exemplary damages, and double or treble damages under c.93A, Mass. G.L. The Guettis claim to "have suffered economic loss, loss of self esteem and peace of mind, and [to] have suffered emotional distress, humiliation and embarrassment" as a result of the purchase of the Bronco from Cariddi. (*Complaint*, ¶36, p.5). It is undisputed that the transaction that forms the subject matter of this action entailed the sale of an automobile from Cariddi to the Guettis for the price of $5,495, plus registration transfer fees of $37, plus a warranty valued at $1,230, plus sales tax in the amount of $299.75, plus a $500 down payment and a trade-in valued at $500. Assuming that the Guettis made payments on the Bronco to the entity that financed the sale, Credit

Acceptance Corporation, they would also potentially incur $1,414.01 in interest charges over the life of the loan for the purchase of the Bronco (24 months). The Guettis' total out-of-pocket loss, assuming *arguendo* that they actually totally paid for but had *not* taken possession of the Bronco, would have been, at maximum value, $9,475.76.

The facts are indisputable, however, that the Guettis have indeed taken possession of the Bronco and that the Guettis have actually failed to make payments on the Bronco. Cariddi has offered to rescind the transaction, to take the Bronco back and return the Prizm to the Guettis, but the Guettis have refused that settlement offer. The Guettis simply made a used car deal with which they are now not satisfied, they have suffered no real monetary damages, and now seek to bootstrap their dissatisfaction into spurious litigation before this Court.

While colorable claims for multiple and exemplary damages may be included in determining the jurisdictional amount, *Payne v. The Goodyear Tire & Rubber Co.*, 229 F.Supp.2d 43, 46 (D. Mass. 2002), in this case, even in best scenario, the Guettis' treble damage award would be less than $30,000, for which award they would only be entitled to a single joint recovery among themselves.

Under Massachusetts law, damages for emotional distress stemming from an action founded in contract are generally not recoverable. *St. Charles v. Kender*, 38 Mass. App. Ct. 155, 159 (1995). The Guettis are seeking such damages, however, as a result of a mere automobile sales transaction. In order to recover for negligent infliction of emotional distress, furthermore, a plaintiff must suffer actual physical harm. *Lewis v. General Electric Company*, 37 F.Supp.2d 55, 59 (D. Mass. 1999). The Guettis have alleged no such physical harm at the hands of Cariddi and Summer. Purely economic loss, moreover, is unrecoverable in tort absent personal injury or property damage. *Id.* The Guettis allege only economic damages stemming from the automobile

5

sales contract. Accordingly, there is a legal certainty that the Guettis will not recover damages for the allegedly negligent acts of Cariddi and Summer.

Finally, in order to prevail on a claim of intentional infliction of emotional distress, the Guettis must prove (1) that Cariddi and Summer intended to cause, or that they should have known that their conduct would cause, emotional distress, (2) that Cariddi and Summer's conduct was extreme and outrageous, (3) that Cariddi' and Summer's conduct caused the Guettis' distress, and (4) that the Guettis suffered severe distress. *Sietins v. Joseph*, 238 F.Supp.2d 366, 379 (D. Mass. 2003). To be considered extreme and outrageous, Cariddi and Summer's conduct must be beyond all bounds of decency and utterly intolerable in a civilized community. *Id.* Cariddi and Summer submit that even if the allegations concerning the forged automobile sales documentation are taken in the light most favorable to the Guettis, insofar as the Guettis have ratified the sales contract and have taken possession of the Bronco from Cariddi, the Guettis would not be able to prevail on this theory.

IV. CONCLUSION

The Guettis can provide no set of facts in support of their claim which would entitle them to relief in this case in an amount sufficient to meet the threshold jurisdictional amount of 28 U.S.C. §1331(a). The Guettis attenuated and insubstantial claims are not made in good faith, and it is readily apparent to a legal certainty that any putative claim that the Guettis may have against Cariddi and Summer is really for less than this jurisdictional amount, such that dismissal for want of subject matter jurisdiction in this Court is justified. Insofar as this Court has the responsibility to police the borders of federal jurisdiction, on the grounds set forth hereinabove, Cariddi and Summer request that the Guettis' complaint be dismissed.

Cariddi and Summer further request an award of their costs incurred in defending this action and prosecuting this motion, pursuant to Fed. R. Civ. P. 11 and Mass. G. L. c.231, §6F.

Dated: April __2__, 2004

          THE DEFENDANTS

          GUY CARIDDI AND KAREN SUMMER

          By their attorneys,

          Douglas J. Rose
          BBO No. 629080
          For Donovan & O'Connor, LLP
          1330 Mass MoCA Way
          North Adams, MA 01247
          Tel: (413) 663-3200
          Fax: (413) 663-7970

DJR:SLD

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PENNY GUETTI and MICHAEL GUETTI,<br>　　Plaintiffs<br><br>v.<br><br>GUY R. CARIDDI, CARIDDI AUTO AGENCY, KAREN SUMMER and JOHN DOE a/k/a "Butch,"<br>　　Defendants | )<br>)<br>)<br>)<br>)<br>)  Docket No. 04-30027-MAP<br>)<br>)<br>)<br>) |

### CERTIFICATE OF SERVICE

I, Douglas J. Rose, Esq., do hereby certify that I caused a true copy of the within Motion to Dismiss and Memorandum of Law in support thereof to be delivered by first class U. S. mail, postage prepaid, this 2nd day of April, 2004 to Jason David Fregeau, Esq., 47 Lincoln Road, Longmeadow, MA 01106

　　　　　　　　　　　　　　　　　　　Douglas J. Rose

DJR:SLD

3

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

PENNY GUETTI and MICHAEL )
GUETTI, )
    Plaintiffs )
)
v. )
) Docket No. 04-30027-MAP
GUY R. CARIDDI, CARIDDI AUTO )
AGENCY, KAREN SUMMER and JOHN
DOE a/k/a "Butch,"
    Defendants

### CERTIFICATE OF COUNSEL PURSUANT TO L.R., D.MASS 7.1(A)(2)

I, Douglas J. Rose, Esq., counsel for defendants Guy Cariddi and Karen Summer, do hereby certify that on or about February 27, 2004, I gave written notice of defendants' intention to seek dismissal of the instant action for want of subject matter jurisdiction to counsel for plaintiffs Penny Guetti and Michael Guetti, Jason David Fregeau, Esq., and received no response from counsel to my offer to discuss a resolution of this matter.

Dated: April _2_, 2004

                                                Douglas J. Rose
                                              BBO No. 629080
                                              For Donovan & O'Connor, LLP
                                              1330 Mass MoCA Way
                                              North Adams, MA 01247
                                              Tel: (413) 663-3200
                                              Fax: (413) 663-7970

DJR:SLD