```
             IN THE UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
                      WESTERN DIVISION
```

PENNY GUETTI,                       :        04-30027-MAP
MICHAEL GUETTI,                     :
        Plaintiffs                  :
                                    :
           v.                       :
                                    :
GUY R. CARIDDI,                     :
CARIDDI AUTO AGENCY,                :
KAREN SUMMER,                       :
JOHN DOE A/K/A "BUTCH",             :
        Defendants                  :

_____

Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss

_____


Defendants argue that the amount in controversy is less than $75,000 per person. Defendants' Motion, pp. 3-4. The complaint, however, prays for $25,000 in compensatory damages for each Plaintiff, which if trebled under Chapter 93A, would meet the $75,000 per person jurisdictional requirement. Moreover, the complaint alleges fraud in a sales transaction, which is subject to punitive damages under M.G.L. ch. 231 s. 85J. The complaint prays for $150,000 in punitive damages *in addition to* the trebled

$25,000 actual damages.[1]

The Guettis' complaint can be dismissed only if the Court concludes -- to a legal certainty -- that the Guettis could never obtain an aggregate judgment from a federal jury for actual, treble, and punitive damages of at least $150,000. See Stewart v. Tupperware Corp., 356 F.3d 335, 338-40 (1st Cir. 2004). In Hogan v. Bangor and Aroostook RR. Co., the Court of Appeals reinstated a jury's award of $200,000 as compensation for emotional distress, inconvenience, mental anguish, and loss of enjoyment of life. 61 F.3d 1034, 1037-38 (1st Cir. 1995) ("Hogan, very upset as a result, became depressed, withdrawn, and gave up his usual activities. His pulmonary specialist described him as 'quite depressed.'") If, over ten years ago, a jury can correctly award $200,000 to a man with no physical injury, then a jury today could award the Guettis $25,000 each, trebled for Defendants' knowing conduct.

---

[1] Defendants also state, "The Guettis are furthermore barred by accord and satisfaction or by operation of the license given to Cariddi and or [sic] Summer with respect to the automobile sales transactional documents." Defendants' Motion, p. 3. Even assuming *arguendo* some sense can be made of this sentence, Defendants do not provide any argument -- much less legal or factual support -- for the proposition that Defendants had "license" to forge signatures or that receipt of an automobile under fraudulent circumstances constitutes "ratification" or "satisfaction".

Defendants argue incorrectly that "The Guettis are seeking [distress] damages... as the result of a *mere* automobile sales transaction." Defendants' Motion, pp. 4-5 (emphasis added). The transaction between Defendants and Mr. Guetti was anything *but* a normal car sale. Defendants intentionally forged the Guettis' signatures, causing economic and emotional loss. Complaint, par. 36. Physical harm "at the hands" of Defendants is unnecessary. See *Nancy P. v. D'Amato*, 401 Mass. 516, 520 (1988) ("We have not made physical harm an essential element of [intentional infliction of emotional distress].") Indeed, the Supreme Judicial Court holds that headaches, concentration problems, reading problems, sleeplessness, upset stomach, nightmares, cramps, loss of sexual relationship, depression, uncontrollable crying spells, anger, and anxiety are sufficient proof of distress damages. *Gutierrez V. Massachusetts Bay Trans. Auth.*, 437 Mass. 396, 413 (2002).

In our society our signatures bind us. The Guettis' knowledge that some third party -- a stranger -- has forged their signatures in an arms-length transaction is sufficient in itself to warrant a sizable award for distress damages. Mrs. Guetti, however, has a bipolar disorder and, as alleged in the complaint, has received treatment from her doctor for the distress caused by Defendants' fraudulent actions. Given these facts, the Court cannot say with legal certainty that a jury would not award treble compensation in excess of $75,000 per Plaintiff.

        Respectfully submitted,

        /s/ Jason David Fregeau

        Jason David Fregeau,
        Trial Attorney (0055426)

        47 Lincoln Road
        Longmeadow, MA 01106
        413/567-2461
        413/567-2932 fax

        Attorney for Plaintiffs

### Certificate of Service

I certify that a copy of the foregoing Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss has been served by United States Mail, postage prepaid, upon Defendants' counsel, Douglas J. Rose, 1330 Mass MoCA Way, North Adams, MA 01247, this 16th day of April, 2004.

        /s/ Jason David Fregeau
        _____
        Jason David Fregeau, Esq.