```
            IN THE UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
                     WESTERN DIVISION
```

PENNY GUETTI,                    :        04-30027-MAP
MICHAEL GUETTI,                  :
          Plaintiffs             :
                                 :
          v.                     :
                                 :
GUY R. CARIDDI,                  :
CARIDDI AUTO AGENCY,             :
KAREN SUMMER,                    :
JOHN DOE A/K/A "BUTCH",          :
          Defendants             :

---

Plaintiffs' Brief Regarding Damages

---

This Brief is meant to supply the Court with additional case law regarding damages.

### Basis for Claim

Emotional distress damages can be awarded under Chapter 93A: "Because severe emotional distress is a form of personal injury, see Simon v. Solomon, 385 Mass. 91, 95, 111 (1982), it would seem to follow that it also is compensable under § 9, if the injury is the product of a violation of G. L. c. 93A, § 2." Leardi v. Brown, 394 Mass. 151, 158-159 (1985).

There is no requirement that a complaint state the correct substantive theory of the case. As long as the complaint will

support recovery under any theory of law, it is not subject to dismissal. <u>Gallant v. City of Worcester</u>, 383 Mass. 707, 709-10 (1981); <u>see also</u> <u>Republic Floors of N.E., Inc. v. Weston Racquet Club, Inc.</u>, 25 Mass. App. Ct. 479, 487 (1988). Indeed, Massachusetts Rule of Civil Procedure 54(c).

Emotional distress damages can be considered when calculating the amount in controversy for diversity jurisdiction even though not clearly pled. <u>Simmons v. PCR Tech.</u>, 209 F. Supp. 2d 1029, 1034 (N.D. Ca. 2002).

### Evidence of Emotional Distress

Medical testimony is not necessary to prove physical harm from distress. Rather, testimony concerning tension headaches, reading problems, sleeplessness, upset stomach, depression, cramps, shortness of breath, uncontrollable crying spells, stomach pain, loss of concentration, anger, anxiety, loss of sexual relationship and nightmares. <u>Gutierrez v. Massachusetts Bay Trans. Auth.</u>, 437 Mass. 396 (2002).

Affidavits are allowed as evidence to support a plaintiff's claims regarding the amount in controversy. <u>Torres v. Municipality of Arecibo</u>, No. 03-2194 (HL), 2004 U.S. Dist. Lexis 10345 at *5 (D.P.R. Apr. 16, 2004).

### Amounts Awarded for Emotional Distress

$50,000 was not excessive for emotional distress shown by

embarrassment, frustration, anger, and disgust causing frequent headaches, insomnia, irregular menstrual cycles, nausea, and vomiting in a race discrimination case. Bryant v. Aiken Reg. Med. Cntrs, Inc., 333 F.3d 536, 547 (4th Cir. 2003).

$250,000 distress award reduced to at most $50,000 based upon the plaintiff's testimony that he was stressed, angry, depressed, scared, frustrated, and subject to financial difficulties in a Section 1983 case. Wulf v. The City of Wichita, 883 F.2d 842, 874-75 (10th Cir. 1989) ("While we agree with defendants that Wulf's testimony and the evidence presented are not the most graphic and detailed display of emotional and mental anguish and distress, we cannot conclude that *some* award for such anguish and distress is unsupported by substantial evidence.")

$117,500 distress award reduced to $10,000 because there was no evidence that the distress affected the plaintiff over time, interfered with his job, caused medical problems, required counseling, or inflicted depression or loss of sleep. Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 305-06 (4th Cir. 1998); see also id. at 304 (describing testimony of distress, including "upset feelings".)

Other Amounts to be Considered

Projected attorney fees under a fee shifting statute can be used to determine the amount in controversy for diversity

jurisdiction. <u>Galt G/S v. JSS Scandinavia</u>, 142 F.3d 1150, 1155 (9th Cir. 1998).

Loss of use of the Geo Prizm could be calculated at $10 per day since October 21, 2003, for 268 days, totalling $2680. <u>See</u> <u>Azimi v. Ford Motor Co.</u>, 977 F. Supp. 847, 853-54 (N.D. Ill. 1997).

Respectfully submitted,

Jason David Fregeau,
Trial Attorney (0055426)

47 Lincoln Road
Longmeadow, MA 01106
413/567-2461
413/567-2932 fax

Attorney for Plaintiffs

<u>Certificate of Service</u>

I certify that a copy of the foregoing Plaintiffs' Brief Regarding Damages has been served by hand upon Defendants' counsel, Douglas J. Rose, 1330 Mass MoCA Way, North Adams, MA 01247, this 15th day of July, 2004.

Jason David Fregeau, Esq.

LILLIAM VEGA TORRES et al., Plaintiffs, v. MUNICIPALITY OF ARECIBO et al., Defendants.

Civil No. 03-2194 (HL)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

2004 U.S. Dist. LEXIS 10345

April 16, 2004, Decided

**SUBSEQUENT HISTORY:** Approved by, Adopted by, Motion denied by Torres v. Municipality of Arecibo, 2004 U.S. Dist. LEXIS 10340 (D.P.R., May 5, 2004)

**DISPOSITION:** [*1] Recommended that defendant's motion to dismiss for lack of subject matter jurisdiction be denied.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiffs, the widow and children of deceased, brought a wrongful death action against defendant municipality and an insurance company for damages stemming from a motor vehicle accident which caused the death of deceased while he was driving his car on a portion of a municipal road. The municipality filed a motion to dismiss for failure to meet the jurisdictional amount. The matter was referred to a magistrate.

**OVERVIEW:** Plaintiffs raised two causes of action for the wrongful death allegedly caused by the negligence of the municipality, namely: one for mental and emotional anguish over the death of the deceased in a sum of no less that $ 500,000 for each plaintiff; and another for economic loss as recipients of the income of the deceased in an amount of $ 93,053.49. The municipality claimed that, due to the cap of $ 150,000 for all claims for all plaintiffs, the most plaintiffs would recover was $ 150,000 to be distributed at a pro-rata basis among the three plaintiffs for similar damages that would yield a compensation of $ 50,000 per plaintiff, which did not satisfy the jurisdictional amount under 28 U.S.C.S. § 1332. The municipality had not questioned plaintiffs' good faith. Therefore, it was facially apparent that a wrongful death claim, including mental anguish, terror in anticipation of death, loss of companionship and loss of income, exceeded the jurisdictional amount. The municipality's liability limits under 21 P.R. Laws Ann. § 4704 of the Autonomous Municipalities Act did not represent the tort damages suffered by plaintiffs. Thus, the minimum amount in controversy was met.

**OUTCOME:** The magistrate recommended that the municipality's motion to dismiss for lack of subject matter jurisdiction be denied.

**CORE TERMS:** amount in controversy, jurisdictional amount, Autonomous Municipality Act, diversity jurisdiction, uninsured motorist, wrongful death, cap, municipality, questioned, maximum, Autonomous Municipalities Act, diversity of citizenship, jurisdictional minimum, wrongful death action, matter in controversy, practical matter, damages suffered, liability limit, opposing party, loss of income, injured party, amount-in-controversy, tortfeasor, recovering, franchisee, pro-rata, insurer, invoke, causes of action, jurisdictional

### LexisNexis(R) Headnotes Hide Headnotes

Civil Procedure > Jurisdiction > Diversity Jurisdiction > Amount in Controversy

**HN1** According to 28 U.S.C.S. § 1332, federal district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs," and there is diversity of citizenship. 28 U.S.C.S. § 1332(a). Where there are multiple plaintiffs, each must allege a claim that is in excess of $ 75,000. More Like This Headnote

Civil Procedure > Jurisdiction > Diversity Jurisdiction > Amount in Controversy
*HN2* When several plaintiffs with separate and distinct demands join together in a single suit premised on diversity jurisdiction, each plaintiff must independently satisfy the amount in controversy requirement. More Like This Headnote

Civil Procedure > Jurisdiction > Diversity Jurisdiction > Amount in Controversy
Evidence > Procedural Considerations > Burdens of Proof
*HN3* The party invoking federal diversity jurisdiction has the burden of showing that its claims meet the amount-in-controversy requirement. More Like This Headnote

Civil Procedure > Jurisdiction > Diversity Jurisdiction > Amount in Controversy
Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Dismiss
*HN4* The longstanding test for determining whether a party has met the amount-in-controversy states that: The rule governing dismissal for want of jurisdiction in cases brought in a federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. When applying this test, the court must look at the circumstances at the time the complaint is filed. More Like This Headnote

Civil Procedure > Jurisdiction > Diversity Jurisdiction > Amount in Controversy
*HN5* It has long been the rule that a court decides the amount in controversy from the face of the complaint, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in "good faith." More Like This Headnote

Civil Procedure > Jurisdiction > Diversity Jurisdiction > Amount in Controversy
Evidence > Procedural Considerations > Burdens of Proof
*HN6* A plaintiff's general allegation of damages that meet the amount requirement suffices unless questioned by the opposing party or the court. If the opposing party questions the damages allegation, then the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount. A party may meet this burden by amending the pleadings or by submitting affidavits. Further, if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, the suit will be dismissed. More Like This Headnote

Torts > Public Entity Liability > Liability
Governments > Local Governments > Claims By & Against
*HN7* See 21 P.R. Laws Ann. § 4704.

Civil Procedure > Jurisdiction > Diversity Jurisdiction > Amount in Controversy
Civil Procedure > Trials > Judicial Discretion
*HN8* In an action sounding in damages it is not within the province of a court, before a verdict, to determine that there could not be damages awarded sufficiently to bring the cause within its jurisdiction, and that if such damages were awarded it would be bound to set the verdict aside as excessive. More Like This Headnote

Civil Procedure > Jurisdiction > Diversity Jurisdiction > Amount in Controversy
*HN9* The determination of whether the amount in controversy requirement has been satisfied is made as of the moment when the suit was filed, rather than after the jury has rendered its verdict. More Like This Headnote

**COUNSEL:** Lilliam Vega-Torres, Plaintiff, Pro se, Lake Alfred, FL.

For Lilliam Vega-Torres, Anthony Torres-Vega, Johnny Torres-Vega, Plaintiffs: Domingo Emanuelli-Hernandez, LEAD ATTORNEY, Domingo Emanuelli Law Office, Arecibo, PR.

For Mun. of Arecibo, ACE Insurance Company, Defendants: Luis G. Martinez-Llorens, LEAD ATTORNEY, Colon, Colon & Martinez, San Juan, PR.

**JUDGES:** CAMILLE L. VELEZ-RIVE, U.S. Magistrate-Judge.

**OPINIONBY:** CAMILLE L. VELEZ-RIVE

## OPINION: REPORT AND RECOMMENDATION

Plaintiffs brought a wrongful death action against defendant Municipality of Arecibo and ACE Insurance Company for damages stemming from a motor vehicle accident which caused the death of Mr. Johnny Torres-Martinez while he was driving his car on a portion of an Arecibo's municipality community road. Plaintiffs have invoked this Court's diversity jurisdiction under 28 U.S.C. § 1332.

The Municipality of Arecibo has filed a Motion to Dismiss for Failure to Meet Jurisdictional Amount. **(Docket Entry # 11).** Plaintiff's filed a Reply to the Motion to Dismiss. **(Docket [*2] Entry # 13).** The Municipality of Arecibo has filed a Surreply to Reply to Motion to Dismiss. **(Docket Entry # 19).** The Motion to Dismiss has been referred by the Honorable Court to the undersigned Magistrate Judge for a Report and Recommendation **(Docket entry # 23).**

*HN1* According to 28 U.S.C. § 1332, federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs," and there is diversity of citizenship. 28 U.S.C. § 1332(a). Where there are multiple plaintiffs, each must allege a claim that is in excess of $ 75,000. **Stewart v. Tupperware Corporation, 356 F.3d 335, 337 (1st Cir. 2004).** *HN2* When several plaintiffs with separate and distinct demands join together in a single suit premised on diversity jurisdiction, each plaintiff must independently satisfy the amount in controversy requirement. McCulloch v. Velez, 364 F.3d 1, 2004 WL 720239 (1st Cir. 2004). n1

- - - - - - - - - - - Notas de Margen - - - - - - - - - - - - -

n1 See, Zhan v. Int'l Paper Co., 414 U.S. 291, 294, 38 L. Ed. 2d 511, 94 S. Ct. 505 (1973); Clark v. Paul Gray Inc., 306 U.S. 583, 589, 83 L. Ed. 1001, 59 S. Ct. 744 (1939).

- - - - - - - - Terminan Notas de Margen- - - - - - - - - [*3]

The statute that provides for federal court diversity jurisdiction, 28 U.S.C. § 1332(a), requires that the "matter in controversy" exceeds the jurisdictional minimum. Based on this language, "the traditional judicial interpretation ... has been from the beginning that the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement." Snyder v. Harris, 394 U.S. 332, 335, 22 L. Ed. 2d 319, 89 S. Ct. 1053 (1969).

In this case, there is no question that diversity of citizenship exists. Rather, the dispute turns on whether the damages exceed $ 75,000 per plaintiff.

*HN3* Since plaintiffs seek to invoke federal diversity jurisdiction, they have the burden of showing that their claims meet the amount-in-controversy requirement. Spielman v. Genzyme Corp., 251 F.3d 1, 4 (1st Cir.2001). *HN4* The longstanding test for determining whether a party has met the amount-in-controversy states that:

The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim [*4] is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89, 82 L. Ed. 845, 58 S. Ct. 586 (1938).

When applying this test, a court must look at the circumstances at the time the complaint is filed. Spielman, 251 F.3d at 5. *HN5* It has long been the rule that a court decides the amount in controversy from the face of the complaint, "unless it appears or is in some way shown that the amount stated in the complaint is not claimed in 'good faith.'" Coventry v. Dworkin, 71 F.3d 1, 4 (1st Cir. 1995) (quoting Horton v. Liberty Mutual, 367 U.S. 348, 353, 81 S. Ct. 1570, 6 L. Ed. 2d 890 (1961)). *HN6* Plaintiffs' "general allegation of damages that meet the amount requirement suffices unless questioned by the opposing party or the court." Id. (citing Dep't of Recreation & Sports v. World Boxing Ass'n, 942 F.2d 84, 88 (1st Cir.1991)). If the opposing party questions the damages allegation, then " 'the party seeking to invoke jurisdiction has the burden of alleging [*5] with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount.' " Id. "A party may meet this burden by amending the pleadings or by submitting affidavits." Id. Further, if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, ... the suit will be dismissed. St. Paul, 303 U.S. at 289.

Plaintiffs raise two causes of action for the wrongful death allegedly caused by the negligence of the Municipality of Arecibo,

namely: one for mental and emotional anguish over the death of Mr. Torres-Martinez (husband and father of plaintiffs) in a sum of no less that $ 500,000 for each plaintiff; and another for economic loss as recipients of the income of Mr. Torres-Martinez in an amount of $ 93,053.49.

The Municipality of Arecibo has questioned plaintiffs' allegation that the damages for each plaintiff exceeds $ 75,000. The Municipality of Arecibo claims that under section 4704 of the Autonomous Municipality [*6] Act, 21 L.P.R.A. § 4704, the Municipality of Arecibo's maximum liability in this case is capped by statute at a maximum of $ 75,000 for each plaintiff, subject to an overall maximum of $ 150,000 for all plaintiffs. n2 Accordingly, the Municipality of Arecibo claims that, due to the cap of $ 150,000 for all claims for all plaintiffs, the most plaintiffs would recover is $ 150,000 to be distributed at a pro-rata basis among the three plaintiffs for similar damages that would yield a compensation of $ 50,000 per plaintiff, which does not satisfy the jurisdictional amount under 28 U.S.C. § 1332. n3 Consequently, the Municipality of Arecibo contends that this case must be dismissed.

- - - - - - - - - - - Notas de Margen - - - - - - - - - - -

n2 This Section of the Autonomous Municipality Act reads, in pertinent part, as follows:

HN7 Claims against municipalities for personal or property damages caused by the fault or negligence of the municipality, shall not exceed the amount of seventy-five thousand (75,000) dollars. When damages are claimed by more than one person in a single cause of action or omission, or when a single claimant, is entitled to several causes of action the compensation shall not exceed the sum of one hundred and fifty thousand dollars ($ 150,000). If the court finds the damages to each of the persons exceed one hundred and fifty thousand dollars ($ 150,000), the court shall proceed to distribute or prorate said amount among the plaintiffs, on the basis of the damages suffered by each of them.

21 L.P.R.A. § 4704. [*7]

n3 The Municipality of Arecibo argues in its Surreply that there are four plaintiffs, thus amounting to a possible compensation of $ 37,500 per plaintiff. See paragraphs 6-7 of Surreply. Nonetheless, a review of the Amended Complaint show that there are three plaintiffs, to wit, Lilliam Vega-Torres per se and in representation of her two minor sons Anthony Torres-Vega and Johnny Torres-Vega.

- - - - - - - - Terminan Notas de Margen - - - - - - - - -

The Municipality of Arecibo's argument fails because the standard to fulfill the amount in controversy requirement is not whether the damages will ultimately meet the jurisdictional amount. Instead the requirement asks whether, at this stage, it is a legal certainty that the damages will not meet the requisite amount. More important, the damages sought is the amount in controversy. "The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify a dismissal." St. Paul, 303 U.S. at 288-89; **Stewart, 356 F.3d at 337**.

Plaintiffs claim in the [*8] Amended Complaint in excess of $ 500,000 in damages for pain and suffering for each one of them for the wrongful death of plaintiffs' spouse and father; and $ 93,053.49 for loss of income. The Municipality of Arecibo has not questioned plaintiffs' good faith and there is nothing on the record to question plaintiffs' good faith. Therefore, it is facially apparent that a wrongful death claim, including mental anguish, terror in anticipation of death, loss of companionship and loss of income, exceeds the jurisdictional amount. Accordingly, in the case at hand, plaintiffs' injuries could reasonably be thought to justify an award of damages greater than $ 75,000. n4 HN8 In an action sounding in damages it is not within the province of the court, before a verdict, to determine that there could not be damages awarded sufficiently to bring the cause within its jurisdiction, and that if such damages were awarded it would be bound to set the verdict aside as excessive. Barry v. Edmunds, 6 S. Ct. 501, 116 U.S. 550, 29 L. Ed. 729 (1886).

- - - - - - - - - - Notas de Margen - - - - - - - - - -

n4 See, Collazo-Santiago v. Toyota Motor Corp., 957 F. Supp. 349, 358 (D. Puerto Rico 1997) HN9 (the determination whether the amount in controversy requirement has been satisfied is made as of the moment when the suit was filed, rather than after the jury has rendered its verdict. In the case at hand, the plaintiff's facial injuries when airbag deployed in accident could reasonably have been thought to justify an award of damages greater than $ 50,000); Knickerbocker v. Chrysler Corp., 728 F. Supp. 460, 463 (E.D.Michigan 1990) (this being a wrongful death action, the amount is controversy clearly exceeds $ 50,000); Brandt v. Weather Channel, Inc., 42 F. Supp.2d 1344, 1345 (S.D. Fla. 1999) (in the present wrongful death case, it is undisputed that the amount in controversy exceeds the jurisdictional amount of $ 75,000).

- - - - - - - - Terminan Notas de Margen- - - - - - - - - [*9]

The Municipality of Arecibo's contention that the most plaintiffs can recover from their claims is $ 150,000 is unconvincing. The liability limits of the Municipality of Arecibo under the Autonomous Municipalities Act do not represent the tort damages suffered by plaintiffs. n5 If plaintiffs can prove the Municipality of Arecibo's liability for damages more than $ 1,500,000 as claimed in the

Amended Complaint, they are entitled to a judgment accordingly. Nonetheless, as a practical matter, plaintiffs may ultimately have to be content with simply recovering the $ 150,000 pursuant to the cap of the Autonomous Municipalities Act.

- - - - - - - - - - - Notas de Margen - - - - - - - - - - - -

n5 See Rogers v. Nathan, 721 F. Supp. 1393 (D. Columbia 1989) (amount in controversy in injured party's action against uninsured motorist for negligence and against injured party's automobile insurer for breach of contract exceeded $ 50,000, and thus diversity jurisdiction was appropriate, where injured party made claim against uninsured motorist for $ 500,000, even though there was a $ 20,000 liability limit for uninsured motorist benefits under automobile policy and, as practical matter, injured party might ultimately have to be content with simply recovering the $ 20,000 in uninsured motorist benefits); Allstate Ins. Co. v. Miller, 315 Md. 182, 553 A.2d 1268 (1989) ("the limit of uninsured motorist coverage is irrelevant to the issue of the amount of tort damages").

- - - - - - - - Terminan Notas de Margen- - - - - - - - - [*10]

To adopt the Municipality of Arecibo's position in this case would put in jeopardy plaintiffs' rights in general to recover damages in federal court under the Autonomous Municipality Act in cases where there are multiple plaintiffs and the required amount in controversy under 28 U.S.C. § 1332 is challenged. Under the suggested theory, plaintiffs would be prejudiced --for federal jurisdictional purposes-- because by distributing pro-rata the overall amount of $ 150,000 recovered among the plaintiffs, they will probably not reach the required amount in controversy of $ 75,000 for each plaintiff. Therefore, to adopt the Municipality of Arecibo's position will deprive multiple plaintiffs of their day in court in this kind of cases.

Finally, ACE Insurance Company has been included as a defendant in this case as a liability underwriter for the defendant Municipality of Arecibo for the performance and satisfaction of all relief sought by plaintiffs. See Amended Complaint, paragraph 4.13. ACE Insurance Company is not limited by the cap in liability under the Autonomous Municipality Act. Accordingly, plaintiffs' recovery is not necessarily bound to the cap established [*11] by the Autonomous Municipality Act - or to any figure below the amount in controversy requirement. See Ocean Ships, Inc. v. Stiles, 315 F.3d 111, 115 (2nd Cir. 2002). As such, the amount in controversy is met.

In sum, notwithstanding the $ 150,000 liability limit under the Autonomous Municipalities Act, the total damages which plaintiffs claim against the tortfeasor meet the jurisdictional requirements of 28 U.S.C. § 1332. n6 Therefore, the amount in controversy requirement has been met as it could not be said to a "legal certainty" that the award resulting from plaintiffs' claims for a wrongful death would not exceed the $ 75,000 jurisdictional minimum. n7

- - - - - - - - - - - Notas de Margen - - - - - - - - - - - -

n6 See Robison v. Castello, 331 F. Supp. 667, 670 (E.D. Louisiana 1971) (jurisdictional amount was satisfied where the Plaintiff's claim for damages in the amount of $ 50,000 was brought against the tortfeasor and the insurer).

n7 See Doctor's Associates, Inc. v. Hamilton, 150 F.3d 157, 160 (2nd Cir. 1998) (Franchisor's action to compel arbitration of dispute with franchisee satisfied $ 75,000 amount in controversy requirement for federal jurisdiction, although arbitration agreement limited damages for claims under franchise agreement to $ 50,000, where action to compel was brought in response to franchisee's state court action seeking damages of over $ 1,000,000).

- - - - - - - - Terminan Notas de Margen- - - - - - - - - [*12]

In view of the foregoing, it is recommended that the Municipality of Arecibo's motion to dismiss for lack of subject matter jurisdiction BE DENIED.

**IT IS SO RECOMMENDED.**

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

**SO ORDERED.**

At San Juan, Puerto Rico, on this 16th day of April of 2004.

s/ **CAMILLE L. VELEZ-RIVE**

**U.S. Magistrate-Judge**