UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PENNY GUETTI, ET AL,           )
          Plaintiffs           )
                               )
     v.                        ) CIVIL ACTION NO. 04-30027-MAP
                               )
GUY R. CARIDDI, ET AL,         )
          Defendants           )

MEMORANDUM AND ORDER REGARDING
DEFENDANTS' MOTION TO DISMISS
(Docket No. 11)

September 7, 2004

PONSOR, U.S.D.J.

I. INTRODUCTION.

Plaintiffs' counsel has filed a sketchy complaint, alleging improprieties, on October 23, 2003, in connection with the purchase of a 1991 Ford Bronco. According to the motor vehicle purchase contract appended to the complaint, the total payment in connection with the transaction was $6,061.75. Plaintiffs have charged the automobile dealership and three of its principles with a violation of Mass. Gen. Laws ch. 93A, and with fraud and negligence. A separate count offers a claim for punitive damages under Mass. Gen. Laws ch. 231, § 85J.

Defendants have moved to dismiss the complaint, based on the inability of plaintiffs to satisfy the jurisdictional amount of $75,000 as to each of the two plaintiffs. For the reasons set forth below, the court will allow the Motion to Dismiss.

II. FACTUAL BACKGROUND.

In weighing a motion to dismiss, the court of course must

accept the facts as pled in the complaint as true and deny the motion if these facts would support any possible claim for relief. In this case, where the sole basis of subject matter jurisdiction is diversity of citizenship, the plaintiffs bear the burden of pointing to facts that would support exercise of jurisdiction.

As noted in the introduction, the facts set forth in the complaint are sketchy, but may be summarized as follows.

On or about October 23, 2003, plaintiff Michael Guetti purchased a used 1991 Ford Bronco from defendants (Complaint, Docket No. 1 at ¶ 23). Mr. Guetti signed "nearly all the paperwork necessary for the sale." Id. at 24. However, the signature of co-plaintiff, Michael Guetti's wife, Penny Guetti, was forged on all documents and Michael Guetti's signature was forged on two ancillary documents, the Authority to Debit and Federal Privacy Act notices.

According to the complaint, somehow as a result of these forgeries, the Bronco was registered in Penny Guetti's name, funds were taken from the Guetti's bank account without authorization, and the Guettis' Geo Prism (an apparent trade-in) remains "wrongly in the possession of the defendants." Id. at 33.

Significantly, the complaint does not allege that Michael Guetti, at least, did not intend to proceed with the purchase of the Ford Bronco, or that Michael and Penny Guetti are anything other than a stable married couple. It is undisputed that the

Guettis remain in possession of the Ford Bronco that they obtained as a result of the transaction on October 23, 2003.

Because of the bare bones quality of the complaint, it is a bit difficult to understand, factually, what the nature of plaintiffs' grievance is. Nevertheless, plaintiffs allege that as a result of the defendants' "illegal activities and communications," they have suffered economic loss as well as "loss of self esteem and piece of mind, and have suffered emotional distress -- <u>especially Mrs. Guetti as documented by her doctors</u> -- humiliation and embarrassment." <u>Id.</u> at 36. (Emphasis in original).

### III. DISCUSSION.

It is well established that once jurisdiction is challenged, the plaintiff bears the burden of demonstrating that exercise of jurisdiction by the court is proper. As noted, the key issue in this case is whether the amount in controversy exceeds, as to each plaintiff, $75,000. 28 U.S.C. § 1332(a). "Where there are multiple plaintiffs, each must allege a claim that is in excess of $75,000." <u>Stewart v. Tupperware Corp.</u>, 356 F.3d 335 (1st Cir. 2004). The complaint must be dismissed "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proof, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount . . . the suit will be dismissed." <u>Id.</u> at 338, quoting <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 288-89 (1938).

Plaintiffs' counsel begins his calculation of the potential damages in this case by purporting to accept the damage figure alleged calculated by the <u>defendant</u> of $9,475 and arguing that this amount of economic damages is conceded. This is not the case. The $9,475 noted by the defendant constitutes the maximum amount of money the plaintiffs will pay on their contract with the defendant for the cost of the Ford Bronco. The figure does not take into consideration any value for the Bronco itself. Surely, the plaintiffs cannot be arguing that the Bronco, which they still undisputably possess, has no value whatsoever. Thus, the plaintiffs' figure for economic loss is inaccurate, and any figure for this category of loss on the present record is entirely speculative.

Plaintiffs also arbitrarily assume a figure of $10.00 a day for the "loss" of the plaintiff's Geo Prism. No affidavit is offered in support of this figure. In addition, once more, it is puzzling to see the plaintiffs calculating damages on the assumption that the vehicle they received has no value. On its face, the transaction involved was routine: plaintiffs apparently traded in their high-mileage vehicle (the Geo) and in addition paid some money for another vehicle with lower mileage (the Bronco).

Plaintiffs also include in the figure for potential damages an amount of attorney's fees. On this point, the plaintiffs are correct. It is appropriate to calculate attorney's fees where the statute, such as Mass. Gen. Laws ch. 93A here, makes an award

of attorney's fees discretionary upon the success of the plaintiff. Spielman v. Genzyme Corp., 251 F.3d 1, 6-7 (1st Cir. 2001). Plaintiffs' counsel's affidavit estimating his attorney's fees potentially as high as $20,000 is the only concrete element of damages plaintiffs have been able to offer.

Plaintiffs claim the balance of the total of $150,000 in potential damages to be made up of emotional distress damages of between $90,000 and $100,000. With regard to the co-plaintiff, Michael Guetti, no information whatsoever is offered to support any claim of emotional distress damages. With regard to the claim of Penny Guetti, a very cursory affidavit is submitted by the plaintiff's clinician. Ms. Guetti has been seeing this counselor since prior to the automobile transaction. Her therapist reports that, as a result of the defendants' behavior during the transaction, she has experienced feelings of anxiety, anger and betrayal.

Even assuming that damages may be trebled, and that the multiplication may be considered in calculating the jurisdictional amount, see FCI Realty Trust v. Aetna Cas. & Sur. Co., 906 F. Supp. 30, 32 n.1 (D. Mass. 1995), the evidence of emotional distress is simply too speculative to support any conclusion by the court that Penny Guetti can satisfy the jurisdictional amount. Significantly, no affidavit from Ms. Guetti herself has been offered, and, without more, it is impossible to accept such a degree of emotional distress arising from a garden-variety botched automobile transaction.

In sum, the court finds to a legal certainty that the plaintiffs here cannot satisfy the jurisdictional amount. It is never easy to dismiss a suit without addressing it on the merits, and it would be understandable if the plaintiffs found the court's action frustrating. It is worth observing, however, that absence of subject matter jurisdiction may be noted at any point in litigation, even on appeal, and even where it has not been raised by the parties. It would be false charity to the plaintiffs to allow them to go forward with this claim in this court, when it is inevitable that at some point, the absence of jurisdiction will prove fatal to their claim. Complaints of this sort may be brought in state court, and a full remedy received in that forum, without subjecting the plaintiffs to this unnecessary risk.

### IV. CONCLUSION.

For the reasons set forth above, the defendants' Motion to Dismiss is hereby ALLOWED. The clerk will enter judgment of dismissal; the case may now be closed.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge